Davis, C. J.
The relief which the plaintiff sought, by her petition to set aside the decree by the court of common pleas, was not to be let in to defend against the divorce. The marriage relation had already been dissolved by the death of the husband. What she complains of is that she has not had her day in court to be heard upon the adjustment of property rights and the division of property as between her and her late husband.
*426 If this petition, and the answer to be filed in the original case and the amendment thereto, together with the affidavits in support thereof, are to be taken as true, the court was grossly imposed upon and she was fraudulently deprived of an opportunity to defend her rights upon the hearing of the divorce case. But it is conceded that the ruling in Parish v. Parish, 9 Ohio St., 534, which has been steadily adhered to, would preclude any reconsideration of the divorce issue, even if the husband were not now dead.
The question still remains, Can the defendant be at the same time thus fraudulently deprived of her property rights without remedy? We see nothing in the judgment or in the reasoning in Parish v. Parish which would justify its extension to this phase of the present case. That case was expressly limited in the opiliion as follows: “We therefore feel compelled, though reluctantly, to hold that sound public policy in this class of cases, forbids us from setting aside a decree of divorce a vinculo, though obtained by fraud and false testimony, on an original bill filed at a subsequent term.” We think that it would be doing violence to the language of the court to hold that “sound public policy” would protect the fruits of fraud and perjury beyond the mere severance of the marriage relation.
An analysis of the cases will disclose the fact that this court has always clearly distinguished the reviewable nature of a judgment in a divorce proceeding respecting property interests, from the finality of the divorce; and that it has gone beyond this, in certain cases and in furtherance of justice, *427 to declare that the wife may maintain an action for alimony as “wife” although by reason of a previous dissolution by a decree of divorce the matrimonial relation no longer exists. See Mansfield v. McIntyre et al., 10 Ohio, 27; Cox v. Cox, 19 Ohio St., 502; Cox v. Cox, 20 Ohio St., 439; Woods v. Waddle, 44 Ohio St., 449; McGill v. Deming, 44 Ohio St., 645; Weidman v. Weidman, 57 Ohio St., 101; Doerr v. Forsythe, Admx., 50 Ohio St., 726; Coffman, Admr., et al., v. Finney, Admr., et al., 65 Ohio St., 61; Hassaurek v. Markbreit, Admr., 68 Ohio St., 554. None of these cases is, in all its facts, like the one at bar; but through all of them there runs, clearly marked and broadly stated, the doctrine that the decree of divorce is immutable, whether obtained by fraud or not, yet that the judgment as to property rights is not conclusive unless both the parties had their day in court. In Doerr v. Forsythe, Admx., supra, this court said: “The decree of divorce granted in the state of Indiana, acted only on the marital relation between the parties, and did not affect, nor purport to affect the property rights of the wife, in the state of Ohio. * * * But if it were otherwise, as she had no opportunity to defend, all that can be claimed for that decree, is that it dissolved the marriage relation between the parties, and restored the husband to the status of an unmarried man. This the court could do; but, as it had no jurisdiction of the person of the wife, it was not competent to the Indiana court to affect such rights as she had acquired in the property of the husband under the laws of this state. *428 Mansfield v. McIntyre, 10 Ohio, 27; McGill v. Deming, 44 Ohio St., 645.”
In Weidman v. Weidman, supra, the court said: “In cases where there is no jurisdiction of the person of one of the parties, there can be no adjudication in personam of the question of alimony; and therefore in such cases, while the divorce may be valid, the question of alimony remains unadjudicated, and the wife may, under proper circumstances, maintain an action for alimony.” And while we have this case in hand, we may as well make another quotation from it, which is pertinent to the present case, viz: “After an absolute divorce in an action in which the court had jurisdiction of both parties, she is no longer ‘the wife’ and does not come within the provisions of the statute. Strictly speaking, the same, is true in cases in which the divorce was obtained by the husband in an ex parte proceeding, but as the wife has not had her day in court as to alimony, nor as to her equitable interest in his property, this court, by a liberal construction in her favor, has allowed her in such cases to maintain a separate action against her divorced husband for the recovery of alimony, which • is in its nature an equitable allowance out of his property.” See further on this last proposition, Cox v. Cox, supra, and Woods v. Waddle, supra, opinion by Follett, J., pp. 456-457. Similar reasoning is applied to the cases of Coffman, Admr., v. Finney, Admr., supra, in which both the parties to the divorce proceedings were dead, and Mansfield v. McIntyre, supra, and McGill v. Deming, supra, in both of *429 which cases the property right involved was dower.
The record in the divorce case shows that the only service on the defendant was a constructive notice by publication. But the affidavit for publication, sworn to by the plaintiff, gives the place of residence and postoffice address and gives it correctly. There was therefore no authority to give notice by publication. Section 5693, Revised Statutes; P. & A. Anno. G. C. § 11984. By the same section it is made the duty of the plaintiff to forthwith deposit in the postoffice, directed to the defendant, a summons and a copy of the petition. This does not appear to have been done; and since the defendant alleges in her petition to open up the judgment, and in her answer and the affidavits in support thereof, that she had neither notice nor knowledge of the pendency of the petition for divorce, until after the- death of her husband, she has a right to be heard upon all questions arising upon this alleged fraudulent judgment as to her rights in the property of Christian Bay.
The judgments of the circuit and court of common pleas are reversed and the cause is remanded for further proceedings.
Spear, Johnson and Donahue, JJ., concur.